JORDAN, Circuit Judge,
concurring.
I agree with the Majority’s conclusion that we should vacate the District Court’s December 30, 2011 judgment in favor of Grand Union on Grand Union’s unjust enrichment claim. However, I write separately because I believe that the District Court should have granted Lockhart’s cross-motion to dismiss Grand Union’s unjust enrichment claim based on the parties’ agreement to release all claims arising out of the Lease.
As the Majority opinion correctly notes, Grand Union and Lockhart executed a formal release on March 5, 1999 (the “Release”). The Release provides, in pertinent part:
Grand Union hereby releases, waives, and forever discharges any and all claims for which it and its respective agents, affiliates, parent companies, subsidiaries, representatives, attorneys, officers, directors, shareholders, employees, predecessors, successors, and assigns, ... may have or ever had or will have against [Lockhart] and its present and former agents, employees, officers, directors, shareholders, attorneys, predecessors, successors, and assigns ... arising out of or related to the Lease, including any and all claims that were asserted or could have been asserted in that certain action captioned Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Management, Inc., Civil No. 50/1996, Territorial Court of the Virgin Islands, and any claims that were asserted or could have been asserted in that certain action captioned H.E. Lockhart Management, Inc. v. National Union Fire Insurance Company of Pittsburgh, Inc., Red Apple Group and Grand Union Supermarket of the Virgin Islands, Inc., Civil No. 909/1998, Territorial Court of the Virgin Islands.
(Joint App. at 511.) Lockhart argues that the Release unambiguously bars all claims arising out of or related to the Lease, and, therefore, Grand Union’s unjust enrichment claim fails.[1] I agree.
*256 The Verified Complaint avers that “[Lockhart] fraudulently induced Grand Union to give up the Lease by failing to disclose that it had already settled the very same claims with [National Union], whom [Lockhart] knew was going to seek indemnification from Grand Union and Red Apple for the $2.7 million it paid to [Lockhart].” (Id. at 71 (emphasis added).) It also alleges that “[Lockhart] — which already had been paid $2.7 million from National Union — received the benefit it bargained for (the Lease), but Grand Union did not receive the benefit it bargained for.” (Id. (emphasis added).) Those allegations powerfully suggest that Grand Union’s unjust enrichment claim against Lockhart relates to, and hence is barred by, the Release.
Grand Union, however, argues that the Release does not foreclose its unjust enrichment claim because the Release is void on public policy grounds. To support that argument, it relies on the Restatement (Second) of Contracts § 195, which provides that even if a contract unambiguously exempts a party from liability, it is unenforceable on public policy grounds if it attempts to “exempt[ ] a party from tort liability for harm caused intentionally or recklessly.” Restatement (Second) of Contracts § 195(1). The problem with that argument, however, is that the jury made no factual findings on the issue of whether Lockhart acted intentionally or recklessly when it did not disclose its settlement with National Union. And the lack of findings on that issue is no surprise because the District Court did not instruct the jury to address it.[2] (See Joint App. at 107-149 (jury instructions).) Instead, the District Court instructed the jury that, in order for Grand Union to prevail on its unjust enrichment claim, the jury must find that “(1) [Lockhart] was enriched; (2) [Lockhart’s] enrichment was at [Grand Union’s] expense; and (3) [t]he circumstances were such that in fairness and good conscience [Lockhart] should return the value of the enrichment to [Grand Union].” (Id. at 128.) Based on that instruction, the jury could find in favor of Grand Union without finding that Lock- *257 hart acted either intentionally or recklessly.
Therefore, because the plain language of the Release bars Grand Union’s unjust enrichment claim, and because the jury made no finding of fact that bears on the issue of whether the Release is void for public policy reasons, I would vacate the District Court’s December 6, 2010 order denying Lockhart’s cross-motion to dismiss and would reverse the judgment in Grand Union’s favor.[3]

. "The rules of interpretation that apply to contracts generally apply also to writings that purport to be releases.” Restatement (Second) of Contracts § 284 cmt. c. In interpreting a contract, we attempt to ascertain the parties’ intent as "objectively manifested by them” and, to "make a preliminary inquiry as to whether the contract is ambiguous.” Sunshine Shopping Ctr., Inc. v. Kmart Corp., 85 F.Supp.2d 537, 540 (D.Vi.2000). We apply the "plain meaning rule,” which "assumes *256 that the intent of the parties to [the contract] is embodied in the writing itself.” Id. (internal quotation marks omitted) (quoting Hullett v. Towers, Perrin, Forster & Crosby, Inc., 38 F.3d 107, 111 (3d Cir. 1994)). Moreover, we interpret ”[w]ords and other conduct ... in the light of all the circumstances,” and give great weight to "the principal purpose of the parties” if it is ascertainable. Restatement (Second) of Contracts § 202(1).
The party pleading a release as an affirmative defense bears "the burden of establishing its existence and meaning.” Eulo v. Deval Aerodynamics, Inc., 430 F.2d 325, 328 (3d Cir. 1970). Once the party satisfies its burden, the burden then shifts to the party seeking to invalidate the release to prove that the release is unenforceable. See Lloyd v. HOVENSA, LLC, 369 F.3d 263, 274 (3d Cir.2004) ("The burden of proving a generally applicable contract defense lies with the party challenging the contract provision.”); cf. Harris v. Green Tree Fin. Corp., 183 F.3d 173, 181 (3d Cir. 1999) ("The party challenging a contract provision as unconscionable generally bears the burden of proving unconscionability.”).

. None of the District Court’s instructions asked the jury to decide whether Lockhart acted intentionally or recklessly when it did not disclose its settlement with National Union to Grand Union. In addition, there is no evidence in the appellate record demonstrating that Grand Union ever asked the District Court for such an instruction — indeed, Grand Union’s proposed jury instructions contain no such request and Grand Union has not directed us to any evidence that it requested a special interrogatory. Thus, because the jury made no finding of fact on the issue of whether Lockhart intentionally or recklessly failed to disclose its agreement with National Union, and Grand Union provides us with no indication that it asked the District Court to charge the jury on that issue, we are left to conclude that Grand Union did not attempt to, and cannot, satisfy its burden of demonstrating that the Release is unenforceable.

. None of the other arguments Grand Union raises have merit. First, Grand Union asserts that the Release is void because, under our precedent, " 'a release ... will not be construed to bar a claim which had not accrued at the date of its execution or a claim which was not known to the party giving the release.’ ” (Appellees’ Br. at 48 (quoting Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., 247 F.3d 44, 58 (3d Cir.2001) (citing Three Rivers Motors Co. v. Ford Motor Co., 522 F.2d 885, 896 (3d Cir.1975) (applying Pennsylvania law))).) But that rule does not apply, when, as here, the plain language of a contract demonstrates that the parties intended to bar all unknown, future claims. See Three Rivers Motors Co., 522 F.2d at 896 (noting that "where ... parties manifest an intent to settle all accounts, [a] release will be given full effect even as to unknown claims").
Second, Grand Union claims that its unjust enrichment claim " ‘arises out of and relates to' the negotiation of the release and settlement of the litigation between the parties and not the Lease itself.” (Appellees’ Br. at 45-46.) That argument is also unpersuasive because, as Lockhart correctly notes in its Reply Brief, "Grand Union’s entire case hinged on its argument that Grand Union was entitled to restitution for its surrender of the Lease to [Lockhart], which, Castimatidis testified, was worth $2.75 million.” (Appellant’s Reply Br. at 24 (original emphasis removed and new emphasis added).) Under these conditions, there is no question that Grand Union’s unjust enrichment claim "relates to” the Lease.
Third, Grand Union asserts that the Release was the product of fraud by Lockhart. (See Appellees' Br. at 42-43 ("A releaser such as Grand Union can always set up fraud ... as grounds to ignore a release that would otherwise bar its suit.”); id. at 43 (noting that ”[w]here there has been a mutual mistake or unilateral mistake by one party and fraud by the other party, the party executing a general release as a result of such mistake may sue to reform the release or may avoid the ... release....” (citation and internal quotation marks omitted)); id. at 44 ("Grand Union presented evidence tending to establish ... fraud by [Lockhart]....”).) But again, that argument is unavailing because the jury did not consider whether Lockhart’s conduct was intentional or fraudulent.
In the end, Grand Union is left with what it bargained for: the waiver of all claims that arise out of or relate to the Lease. And, it is that bargain that precludes it from succeeding on its unjust enrichment claim.